■ PATRICIA NEWMAN et al., Plaintiffs, v NUDYNE ASSOCIATES, INC., Respondent, and FLYAWAY GYMNASTICS, INC., Appellant. [627 NYS2d 94] —In an action to recover damages for personal injuries, etc., the defendant Flyaway Gymnastics, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated January 18, 1994, as granted that branch of the cross motion of the defendant Nudyne Associates, Inc., which was for partial summary judgment on its cross claim for indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was for partial summary judgment is denied.

On June 7, 1989, the plaintiff Patricia Newman allegedly sustained injuries when she stepped into a pothole and fell in a parking lot at 1333 Second Avenue in New Hyde Park. The premises were owned by the defendant Nudyne Associates, Inc. (hereinafter Nudyne). The defendant Flyaway Gymnastics, Inc. (hereinafter Flyaway), Nudyne's tenant, occupied a portion of the building located on the property.

Pursuant to paragraph 36 of the lease between Nudyne and Flyaway, Flyaway was to obtain liability insurance for Nudyne, covering "the premises and the adjacent area for parking by Tenant". Paragraph 40 of the lease provided that Nudyne would "set aside three (3) parking spaces for Tenant". These three spaces were not further identified.

Flyaway concededly failed to obtain the insurance required by the lease. However, a review of the record reveals that there is an issue of fact as to where the plaintiff fell. Flyaway's obligation to procure coverage extended only to the leased premises and to its designated parking area. If the plaintiff did not fall in that part of the parking lot designated for Flyaway's use, Nudyne would not be entitled to indemnification. Consequently, summary judgment on this issue should have been denied. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.